******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* RICKY OWEN
(SC 20127)

Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker, Js.

*Syllabus*

Pursuant to statute (§ 54-56b), a nolle prosequi may not be entered as to any count in an information if the accused objects and demands either a trial or a dismissal, unless the nolle is entered on a representation to the court by the prosecutor that, inter alia, a material witness has died, disappeared or become disabled.

The defendant, who had been charged with various crimes in connection with an alleged assault on J, his girlfriend, appealed from the trial court's denial of his motion to dismiss the charges after he objected to the prosecutor's entry of a nolle prosequi as to all of the charges. The prosecutor represented, in her memorandum in support of her motion seeking to enter the nolle, that J had returned to North Carolina, where she had lived prior to the alleged assault, J had called the victim's advocate and stated that she was experiencing bouts of depression and crying, the defendant's friend had contacted her to urge her not to testify against the defendant, and she still thought about the incident frequently and it bothered her a great deal. J had been scheduled to travel to Connecticut to testify at the defendant's trial, but, after a storm cancelled her planned transportation, she contacted the prosecutor to inform her that she would be unable to return to Connecticut to testify. During her conversation with the prosecutor, J requested help in finding counseling and indicated that she was afraid to testify and wanted to get on with her life. On the basis of these factual allegations, the prosecutor contended that J had become disabled for purposes of § 54-56b. At a hearing before the trial court on the prosecutor's motion, the prosecutor reiterated that she was relying on, inter alia, J's statements indicating that she was going through bouts of depression and crying. The defendant argued that J was unable to testify due to her fear of testifying, and that fear was not sufficient to constitute a disability for purposes of § 54-56b, that J had elected not to return to Connecticut, and that the prosecutor had chosen not to serve her with a material witness subpoena. The trial court observed that its role was not to receive evidence or to make a finding as to whether J was disabled, but to determine whether the prosecutor, in entering the nolle, was exercising her discretion in a manner that was clearly contrary to manifest public interest. In finding that the prosecutor was not abusing her discretion, the court relied on the facts that the prosecutor alleged during the hearing, viewed in light of the prosecutor's years of experience litigating domestic violence cases. The court thereupon accepted the entry of the nolle and denied the defendant's motion for dismissal, and the defendant appealed. *Held* that the trial court properly relied on the prosecutor's representations to find that the prosecutor was not exercising her discretion in a manner clearly contrary to manifest public interest and, accordingly, properly allowed the nolle to enter; contrary to the defendant's representation of the record, the prosecutor did not rely solely on J's stated fear of testifying in asserting that J had become disabled for purposes of § 54-56b, but made various representations consistent with the position that J suffered from a disability that prevented her from being able to testify due to the emotional trauma she had experienced as a victim of domestic violence, including that J suffered from depression and needed counseling, and nothing in the record suggested that the prosecutor acted with an intent to harass the defendant or otherwise was acting in abuse of her discretion.

Argued November 6, 2018—officially released May 14, 2019

*Procedural History*

Substitute information charging the defendant, in the alternative, with the crimes of strangulation in the second degree, assault in the third degree and unlawful

restraint in the first degree, and with the crimes of assault in the second degree, threatening in the second degree, interfering with an emergency call and unlawful restraint in the second degree, brought to the Superior Court in the judicial district of Fairfield, geographical area number two, where the court, *Holden, J.*, accepted the state's entry of a nolle prosequi in the case and denied the defendant's motion to dismiss, and the defendant appealed. *Affirmed.*

*Pamela S. Nagy*, assistant public defender, for the appellant (defendant).

*Kathryn W. Bare*, assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Judy Ann Stevens*, senior assistant state's attorney, for the appellee (state).

*Opinion*

KAHN, J. The issue presented in this appeal is whether the trial court properly determined that the prosecutor did not abuse her discretion in a manner clearly contrary to manifest public interest when she entered a nolle prosequi on the basis that the state's material witness had become disabled for purposes of General Statutes § 54-56b.[1] The defendant, Ricky Owen, appeals from the decision of the trial court allowing the prosecutor to enter a nolle prosequi over his objection and denying his motion to dismiss the charges.[2] The defendant argues that the prosecutor's basis for entering the nolle—namely, that her key witness was "disabled" because her fear prevented her from being able to testify—was insufficient as a matter of law to establish that the witness was disabled for purposes of § 54-56b. The defendant therefore contends that the trial court improperly relied on its finding—that the witness was disabled for purposes of § 54-56b—to deny his motion to dismiss and to allow the nolle to enter over his objection. The state responds that the defendant's claim mischaracterizes the representations of the prosecutor at the time that the nolle entered. According to the state, rather than simply claiming that the witness was afraid to testify, the prosecutor represented to the court that the witness was disabled due to her compromised mental state—and that her statements of fear, among other things, demonstrated that compromised mental state. We agree with the state's characterization of the prosecutor's representations to the trial court. Our review of the record also reveals that, contrary to the defendant's claim on appeal, the trial court made no finding that the witness was—or was not—disabled. Instead, the court properly grounded its ruling on its finding that, in entering the nolle, the prosecutor had not abused her discretion in a manner clearly contrary to manifest public interest. Accordingly, we affirm the decision of the trial court.

The record reveals the following relevant facts and procedural history. On May 31, 2016, the defendant was arrested in connection with an alleged assault on J,[3] his girlfriend. He was charged with, among other crimes, strangulation in the second degree in violation of General Statutes (Rev. to 2015) § 53a-64bb, assault in the second degree in violation of General Statutes § 53a-60 (a) (1), unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a), threatening in the second degree in violation of General Statutes (Rev. to 2015) § 53a-62 (a) (1), and interfering with an emergency call in violation of General Statutes § 53a-183b (a). At the defendant's arraignment, the court issued a no contact protective order against the defendant as to J.

On January 10, 2017, the day that evidence in the defendant's trial was scheduled to begin, the prosecutor

sought to enter a nolle prosequi. In her memorandum in support of her motion seeking to enter the nolle, the prosecutor represented that J was a material witness. The prosecutor also alleged that, on July 21, 2016, J, who was originally from North Carolina and had returned to live there following the incident, called the victim's advocate and stated that she was experiencing "bouts of depression" and crying. She also reported to the victim's advocate that a friend of the defendant had contacted her to urge her not to testify against the defendant. Although J consistently had stated that, despite her fears, she intended to return to Connecticut to testify, she also informed the victim's advocate that she still thought about the incident and that it bothered her a great deal. J was scheduled to travel by bus to Connecticut on Friday, January 6, 2017, but the bus did not run that day due to a storm in North Carolina. On the evening of Sunday, January 8, 2017, J contacted the prosecutor to inform her that she would be unable to return to Connecticut to testify. During the course of that conversation, J requested help in finding counseling, indicated that she was afraid to testify and stated that she wanted to "get on with her life."

Relying on these factual allegations, the prosecutor contended in her memorandum that J had "become disabled" for purposes of § 54-56b. The prosecutor further argued that the issue before the court in determining whether to allow the nolle to enter was not whether J was disabled, but only whether, in entering the nolle, the prosecutor had abused her discretion in a manner contrary to public policy. See *State* v. *Lloyd*, 185 Conn. 199, 204, 440 A.2d 867 (1981).

The trial court heard argument on the prosecutor's motion. At the hearing on the motion, the prosecutor reiterated her reliance on, inter alia, J's statements indicating that J was going through bouts of depression and crying, that she needed counseling, was afraid, could not stop thinking about the incident and wanted to get on with her life. The prosecutor further represented that the state could not proceed without J's testimony and contended that J was disabled.[4] The prosecutor's statements in support of her representation that J was disabled demonstrate that she relied on multiple pieces of information to support her conclusion that J suffered from a disability due to the emotional trauma that she had experienced as a victim of domestic violence. Specifically, the prosecutor pointed not only to J's "fear," but also to her "depression" and "emotional issues."

Several other statements made by the prosecutor at the hearing further demonstrate that her representation that J was "disabled" relied on more than a vague assertion regarding J's fear of testifying. Acknowledging that she had been unable to find legal precedent supporting her claim that J's mental condition constituted a disabil-

ity pursuant to § 54-56b, the prosecutor lamented the lack of such legal authority, stating that the "emotional tumult" often experienced by victims, combined with their fear of the ramifications of cooperating with the police and prosecutors, "literally makes them unable to come forward." With "supportive counseling," the prosecutor continued, victims may be able to overcome their fear of testifying. These statements demonstrate that, rather than representing that J chose not to testify because she was afraid, the prosecutor represented to the court that J was *unable* to testify due to a disability. The prosecutor urged the court to find that her determination to enter the nolle on the basis of J's disability was not an abuse of her discretion.

The defendant objected to the nolle and moved to dismiss the charges, focusing solely on one of the facts that the prosecutor had referenced in representing to the court that J had become disabled pursuant to § 54-56b—that J was unable to testify due to her fear. Fear alone, the defendant contended, is not sufficient to constitute a disability for purposes of § 54-56b. The defendant argued that J merely had elected not to return to Connecticut to testify and the prosecutor had chosen not to serve her with a material witness subpoena. The defendant did not respond to the prosecutor's representations that J was depressed and suffering from "emotional issues," and that she had requested help in finding counseling services.

The court issued its decision from the bench, beginning with the observation that its role was not to receive evidence or to make a finding as to whether J was disabled, but only to determine whether, in entering the nolle, the prosecutor had exercised her discretion in a manner that was "clearly contrary to manifest public interest." *State* v. *Lloyd*, supra, 185 Conn. 204. In finding that the prosecutor had not abused her discretion, the court relied on the facts alleged by the prosecutor during the hearing, viewed in light of the prosecutor's seventeen years of experience litigating domestic violence cases. The court accordingly accepted the nolle prosequi and denied the defendant's motion for dismissal. This appeal followed.[5]

Translated from Latin, the term "nolle prosequi" means "to be unwilling to prosecute." Webster's New International Dictionary (2d Ed. 1941) p. 1465; see also Black's Law Dictionary (10th Ed. 2014) p. 1210 ("not to wish to prosecute"). We have explained that "a nolle is, except when limited by statute or rule of practice . . . a unilateral act by a prosecutor, which ends the pending proceedings without an acquittal and without placing the defendant in jeopardy." (Citations omitted; internal quotation marks omitted.) *Cislo* v. *Shelton*, 240 Conn. 590, 599 n.9, 692 A.2d 1255 (1997). "Although the entry of a nolle prosequi results in the defendant's release from custody, he can . . . be tried again upon

a new information and a new arrest." (Citation omitted.) *State* v. *Lloyd*, supra, 185 Conn. 201; see Practice Book § 39-31 ("The entry of a nolle prosequi terminates the prosecution and the defendant shall be released from custody. If subsequently the prosecuting authority decides to proceed against the defendant, a new prosecution must be initiated.").

Section 54-56b strikes a balance between "the state's right to enter a nolle prosequi in a pending prosecution and the defendant's constitutional right to a speedy trial." *State* v. *Lloyd*, supra, 185 Conn. 200. "Until the enactment of General Statutes § 54-46 (now § 54-56b) in 1975, and the promulgation of Practice Book § 2137 [now § 39-30] in 1976,[6] the power to enter a nolle prosequi was discretionary with the state's attorney; neither the approval of the court nor the consent of the defendant was required." (Footnote added.) Id., 201. Pursuant to § 54-56b, that discretion is no longer without limit. As a general rule, a nolle may not enter over a defendant's objection and demand for a trial or dismissal. See General Statutes § 54-56b. Although there is an exception to that general rule when the prosecutor represents to the court that "a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary"; General Statutes § 54-56b; the prosecutor's exercise of discretion in entering the nolle is subject to review by the court for abuse of discretion. See *State* v. *Lloyd*, supra, 204. We emphasize, however, that once the prosecutor has represented that one of the exceptions applies, the trial court must allow the nolle to enter unless it concludes that the prosecutor has abused her discretion in arriving at that decision. As we have explained, "[t]he court *must* accept the entry of the nolle prosequi for the record *unless* it is persuaded that the prosecutor's exercise of discretion is clearly contrary to manifest public interest." (Emphasis added.) Id.

The level of judicial review of the exercise of prosecutorial discretion is a deferential one, akin to "the review of the exercise of judicial discretion . . . ." Id. In *Lloyd*, when this court first interpreted the effect of § 54-56b on the prosecutor's discretion to enter a nolle, we explained that, in determining whether a prosecutor's representations were sufficient to overcome a defendant's objection, the trial court "need not receive evidence, and thus makes no findings of fact, to determine the accuracy of the state's representations." Id. Our interpretation of § 54-56b did not suggest that the statute shifted power from the executive to the judiciary by allowing the judiciary to substitute its judgment for that of the executive.

The authorities that we relied on in *Lloyd* support the view that, rather than inviting courts to substitute their judgment for that of the prosecutor, the limited

purpose of § 54-56b was to protect defendants from abuses of prosecutorial discretion. One of the primary decisions on which we relied, *United States* v. *Cowan*, 524 F.2d 504 (5th Cir. 1975), cert. denied sub nom. *Woodruff* v. *United States*, 425 U.S. 971, 96 S. Ct. 2168, 48 L. Ed. 2d 795 (1976), explains the rationale underlying the deferential level of review applied to the prosecutor's entry of a nolle. In that case, the United States Court of Appeals for the Fifth Circuit reversed the judgment of the federal District Court, which had denied the prosecutor's motion to dismiss pending criminal proceedings pursuant to rule 48 (a) of the Federal Rules of Criminal Procedure and, when the government refused to proceed, appointed special prosecutors. Id., 505. Rule 48 of the Federal Rules of Criminal Procedure provides in relevant part: "(a) The government may, *with leave of court*, dismiss an indictment, information or complaint. The government may not dismiss the prosecution during trial without the defendant's consent. . . ." (Emphasis added.) The Fifth Circuit explained that the issue presented in the appeal was "the extent to which the phrase '[with] leave of court' in [r]ule 48 (a) limits or conditions the [common-law] power of the [government] to dismiss an indictment without leave of court." *United States* v. *Cowan*, supra, 505–506.

Similar to § 54-46b, rule 48 (a) of the Federal Rules of Criminal Procedure has modified the previous, absolute authority enjoyed by federal prosecutors to dismiss charges. The phrase "with leave of court" established a judicial check on that formerly absolute power. See id., 513. The court explained that the rule was not intended, however, "to confer on the [j]udiciary the power and authority to usurp or interfere with the good faith exercise of the [e]xecutive power to take care that the laws are faithfully executed. [Rule 48 (a)] was not promulgated to shift absolute power from the [e]xecutive to the [j]udicial [b]ranch. Rather, it was intended as a power to check power. The [e]xecutive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest. In this way, the essential function of each branch is synchronized to achieve a balance that serves both practical and constitutional values." Id.; see also *United States* v. *Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (observing that role conferred on judiciary by rule 48 [a] of Federal Rules of Criminal Procedure was "role of guarding against abuse of prosecutorial discretion"). Like rule 48 (a), § 54-46b allows for a deferential review by the courts of a prosecutor's entry of a nolle, solely to protect against prosecutorial abuses of discretion.[7]

It is highly significant that a prosecutor is an officer

of the court, who owes a duty of candor to the tribunal. See Rules of Professional Conduct 3.3. Due to their function, in fact, prosecutors are held to an even higher standard than other attorneys. We have observed that "[the prosecutor] is not only an officer of the court, like every attorney, but is also a high public officer, representing the people of the [s]tate, who seek impartial justice for the guilty as much as for the innocent." (Internal quotation marks omitted.) *State* v. *Medrano*, 308 Conn. 604, 612, 65 A.3d 503 (2013); see also A.B.A., Standards for Criminal Justice: Prosecution Function (4th Ed. 2015) standard 3-1.2 (b) ("The primary duty of the prosecutor is to seek justice within the bounds of the law, not merely to convict. The prosecutor serves the public interest and should act with integrity and balanced judgment to increase public safety both by pursuing appropriate criminal charges of appropriate severity, and *by exercising discretion to not pursue criminal charges in appropriate circumstances*. The prosecutor should seek to protect the innocent and convict the guilty, consider the interests of victims and witnesses, and respect the constitutional and legal rights of all persons, including suspects and defendants." [Emphasis added.]), available at https://www.americanbar.org/groups/criminal_justice/standards/ProsecutionFunctionFourthEdition.

Our decision today should not be read to suggest that trial courts should function as "rubber stamps" for a prosecutor's decision to enter a nolle. Abuse of discretion review is precisely what it sounds like—upon a defendant's objection, § 54-56b requires a court to *review* the prosecutor's decision to enter a nolle for abuse of discretion, on the basis of the prosecutor's representations at the hearing. The mere fact that the court's review is a deferential one does not mean that, in every instance, a court must accept the nolle. A recent decision of the Appellate Court provides a helpful illustration. In *State* v. *Richard P.*, 179 Conn. App. 676, 678, 680, 181 A.3d 107, cert. denied, 328 Conn. 924, 181 A.3d 567 (2018), the Appellate Court affirmed the judgment of dismissal rendered by the trial court after the state entered a nolle and the defendant objected. In that case, the defendant had been charged "with various offenses arising from his alleged physical and sexual abuse of his children." Id., 678. When the state entered a nolle, it represented to the court that the children and their mother were " 'unavailable' " because they had moved to London, England. Id., 680. In response, the defendant moved to dismiss the charges, and, in support, submitted a letter from the mother, which the court reviewed, in which the mother expressed dissatisfaction with the manner in which the state had conducted its investigation and handled the case. Id. The mother closed the letter by requesting: " 'Please do not contact me again.' " Id., 680 n.3. The trial court granted the motion to dismiss on the basis that the prosecutor had not "sufficiently

represented that a material witness had died, disappeared, or become disabled within the meaning of § 54-56b and Practice Book § 39-30 . . . ." Id., 681. On appeal, the state contended, inter alia, that the two children " 'had become disabled' " within the meaning of § 54-56b. Id. The state argued that the children had become "disabled" when their mother relocated them to England because, due to their age and location, they lacked the legal ability to return to Connecticut to testify. Id., 685. The Appellate Court rejected that argument and also rejected the state's expansion of the term "disabled" to extend beyond situations that involve a " '[g]ood faith disagreement about what constitutes disability' " pursuant to *Lloyd*. Id., 683 n.6, quoting *State* v. *Lloyd*, supra, 185 Conn. 205.

In the present case, in contrast to *State* v. *Richard P.*, supra, 179 Conn. App. 676, the prosecutor's representations fell within the range of a good faith disagreement regarding the meaning of "disabled" pursuant to § 54-56b. Accordingly, the trial court properly relied on those representations to find that the prosecutor was not abusing her discretion in a manner clearly contrary to manifest public interest. Contrary to the defendant's representation of the record, the prosecutor did not rely solely on J's stated fear of testifying in asserting that J had "become disabled" for purposes of § 54-56b. Instead, as we explained in this opinion, the prosecutor made various representations consistent with the position that J suffered from a disability that prevented her from being able to testify.[8] Those representations included that J stated that she suffered from bouts of depression and crying, needed counseling, was afraid and could not stop thinking about the incident. Nothing in the record suggests that the prosecutor was acting with an intent to harass the defendant or otherwise acting in abuse of her discretion. Given the prosecutor's representations, the trial court properly deferred to the prosecutor's exercise of discretion and allowed the nolle to enter.

The decision of the trial court is affirmed.

In this opinion the other justices concurred.

[1] General Statutes § 54-56b provides: "A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[2] The defendant appealed from the decision of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] In accordance with our policy of protecting the privacy interests of the victims of domestic violence, we decline to identify J or others through whom J's identity may be ascertained. See General Statutes § 54-86e.

[4] The defendant does not challenge on appeal the state's claim that J was a material witness.

[5] Prior to oral argument, this court sua sponte ordered the parties to be prepared to address whether the appeal had become moot in light of the fact that, by November 6, 2018, when the case was argued to this court,

more than thirteen months had passed since the underlying charges were nolled, and the functional equivalent of a dismissal had entered by operation of law. See General Statutes § 54-142a (c) (1) ("Whenever any charge in a criminal case has been nolled in the Superior Court, or in the Court of Common Pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased . . . ."); *Cislo* v. *Shelton*, 240 Conn. 590, 607–608, 692 A.2d 1255 (1997) (discussing dismissal by operation of law pursuant to § 54-142a).

At oral argument, the defendant contended that, as to the felony charges, the case is not moot because the statute of limitations will not run on those offenses until 2021. Moreover, the defendant argued, a dismissal after thirteen months pursuant to § 54-142a (c) (1) is one without prejudice as opposed to a dismissal pursuant to § 54-56b following a defendant's objection to the state's entry of a nolle, which is with prejudice.

We agree with the defendant that the appeal is not moot as to the felony charges of strangulation in the second degree in violation of General Statutes (Rev. to 2015) § 53a-64bb and assault in the second degree in violation of § 53a-60 (a) (1). The entry of a nolle plus the passage of thirteen months results in the functional equivalent of a dismissal without prejudice. See *State* v. *Smith*, 289 Conn. 598, 612, 960 A.2d 993 (2008); *Cislo* v. *Shelton*, supra, 240 Conn. 599. "Such a dismissal does not preclude the state from filing charges—even the same ones—at a later time, provided that the statute of limitations has not run." *State* v. *Smith*, supra, 612.

Because the statute of limitations had run as to the three misdemeanor charges—threatening in the second degree in violation of General Statutes (Rev. to 2015) § 53a-62 (a) (1), unlawful restraint in the second degree in violation of § 53a-96 (a) and interfering with an emergency call in violation of § 53a-183b (a), the appeal is moot as to those three charges.

[6] Practice Book § 39-30 provides: "Where a prosecution is initiated by complaint or information, the defendant may object to the entering of a nolle prosequi at the time it is offered by the prosecuting authority and may demand either a trial or a dismissal, except when a nolle prosequi is entered upon a representation to the judicial authority by the prosecuting authority that a material witness has died, disappeared or become disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary."

[7] We acknowledge that there are substantive differences between § 54-46b and rule 48 (a) of the Federal Rules of Criminal Procedure. This court relied in *Lloyd* on the authorities that interpreted rule 48 (a), however, merely for the general principles that underlie both rules to guide this court in balancing, on the one hand, the need to protect defendants against abuses of prosecutorial discretion, and, on the other hand, the recognition that the Judicial Branch should not interfere with a prosecutor's good faith exercise of prosecutorial discretion.

[8] The defendant's argument that the prosecutor abused her discretion by failing to attempt to overcome J's alleged disability by serving her with a material witness subpoena is unpersuasive. At the hearing, the prosecutor represented that she had concluded that, as of the time of trial, J was *unable* to testify due to her disability. Although a material witness subpoena is an appropriate measure for a prosecutor to take to overcome a witness' *unwillingness* to testify, a subpoena cannot overcome an *inability* to testify. The defendant's argument is implicitly premised on the primary argument that he advances on appeal—the defendant contends that J was not unable, but unwilling, to testify. As we explained in this opinion, however, it was not the task of the trial court—and it is certainly not the task of this court—to second guess the prosecutor's judgment that J was disabled.

For similar reasons, the defendant's argument that, as a matter of statutory interpretation, the prosecutor's representations were insufficient to support a finding by the trial court that J was disabled have no bearing on the resolution of this appeal. First, as we explained in this opinion, the defendant's argument incorrectly represents the record. The prosecutor did not rely solely on J's fear in representing that J suffered from a disability that prevented her from being able to testify. Second, the trial court properly made no finding as to whether J was actually disabled. It properly considered only whether the prosecutor had abused her discretion in entering the nolle.